# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BHF CHICAGO HOUSING GROUP B LLC (ICARUS) | ) | Case No. 20-12453 |
| | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | |

## NOTICE OF APPLICATION TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF AMHERST CONSULTING LLC AS SALE ADVISOR

**PLEASE TAKE NOTICE** that on **August 4, 2020 at 10:00 a.m.** (prevailing Central Time) or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jack B. Schmetterer, or before any other judge who may be sitting in that judge's place, and present the *Application to Authorize the Retention and Employment of Amherst Consulting, LLC as Sale Advisor* (the "Application"), a copy of which is attached.

**THIS MOTION WILL BE PRESENTED AND HEARD TELEPHONICALLY.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to General Order No. 20-03, any party that objects to the relief sought in the Motion must file a Notice of Objection no later than two (2) business days before the date of presentment. Please be advised that if a Notice of Objection is not timely filed, the Court may grant the Motion without a hearing before the date of presentment.

Dated: July 28, 2020

Respectfully submitted,

**BHF CHICAGO HOUSING GROUP B, LLC (ICARUS)**

By: /s/ *Kevin H. Morse*
    One of Its Attorneys

Scott N. Schreiber (#06191042)
Kevin H. Morse (#06297244)
Samuel J. Tallman (#06322843)
CLARK HILL PLC
130 East Randolph Street | Suite 3900
Chicago, Illinois 60601

260312352.v2

T: (312) 985-5595
F: (312) 985-5984
sschreiber@clarkhill.com
kmorse@clarkhill.com
stallman@clarkhill.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BHF CHICAGO HOUSING GROUP B LLC (ICARUS) | ) | Case No. 20-12453 |
| | ) | |
| | ) | Hon. Jack B. Schmetterer |
| Debtor. | ) | |
| | ) | |

**APPLICATION TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF AMHERST CONSULTING, LLC AS SALE ADVISOR**

BHF Chicago Housing Group B LLC (Icarus), debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby submits this application (the "Application") for the entry of an order authorizing the retention and employment of Amherst Consulting, LLC ("Amherst") as sale advisor for the Property that is subject to this case. In support of the Application, the Debtor states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The consideration of this Application is a core proceeding pursuant to 28 U.S.C. §157(b).

3. The statutory predicates for the relief requested herein are sections 327(a), 328(a), 330 and 1107(b) of title 11, United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 2016-1.

1

**Preliminary Statement**[1]

4. On June 15, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to manage its financial affairs as a debtor-in-possession. No trustee, examiner or committee has been appointed in this Chapter 11 Case.

5. The nature of the Debtor's business and the factual background relating to the Debtor's commencement of this Chapter 11 case is set forth in detail in the *Declaration of Andrew Belew in Support of Chapter 11 Petition* (the "Belew Declaration") filed on June 15, 2020 as ECF No. 4, and expressly incorporated herein by reference.

6. The Debtor was formed as a single-purpose entity in 2016 for the purpose of acquiring 45 multi-family residential rental buildings in the south side of Chicago. The Debtor's 45 multi-family residential buildings contain an aggregate of 545 separate affordable housing residential and commercial units (collectively, the "Property").

7. After analyzing the ramifications of filing the Chapter 11 case, and alternatives thereto, the Debtor believes the Chapter 11 case will afford the Debtor the best means of preserving the value of the Property, while securing a purchaser that will stabilize the Property for the community and existing tenants. The Chapter 11 case stands to protect the claims and interests of the Debtor's tenants, creditors, the community, and other parties in interest.

8. On July 14, 2020, the Court entered the *Order (A) Approving Bid Procedures and Bid Protections, (B) Approving Notice of the Sale, (C) Scheduling a Sale Hearing and, If Necessary, an Auction; and (D) Granting Related Relief* [Docket No. 54] (the "Bid Procedures Order"). The Bid Procedures Order, *inter alia,* approved the detailed requirements for each

---

[1] Capitalized terms used in this Preliminary Statement but not defined herein shall have the meanings set forth in the Belew Declaration.

260312352.v2

"Qualified Bid" for the Property and established Saybrook Municipal Opportunity Fund VI, LLC as the "Stalking Horse Bidder" for the Property.

9. The Bid Procedures for the sale of the Property, as approved in the Bid Procedures Order, also set forth the "City of Chicago Bid Requirements," which required that each prospective bidder must provide the City of Chicago a proposal for the rehabilitation of the Property, proof of access to funds to carry out its proposal, and agreement to grant the City of Chicago third-party beneficiary standing to enforce the rehabilitation proposal.

10. Also on July 14, 2020, the Court entered an *Order Authorizing the Retention and Employment of Hilco Real Estate, LLC as Real Estate Broker* [Docket No. 51]. Hilco Real Estate, LLC ("Hilco"). Hilco has developed and will carry out a detailed marketing plan for the sale of the Property to assist the Debtor in obtaining the highest and best bid for the Property.

11. The *Purchase and Sale Agreement* (the "Agreement") entered into between the Debtor and Stalking Horse Bidder also disclosed to all interested parties that the Debtor's parent company, Better Housing Foundation, Inc., an Ohio not-for-profit corporation, and the Stalking Horse Bidder had separately entered into a *Portfolio Transition Services Agreement* (the "TSA"). The Debtor is not a party to the TSA and takes no position as to the terms or substance of the TSA. The TSA is not incorporated into and is not part of the Agreement.

12. Prior to and following the Petition Date, the Office of the United States Trustee (the "UST") raised concerns with the Debtor about the existence of the TSA. The UST questioned, *inter alia*, the benefit provided to the parent company and whether the TSA impacted the sale process by pushing the Debtor towards buyers offering a TSA, or otherwise. The Debtor strongly refutes these concerns through the safeguards already put in place by the Bid Procedures, including, without limitation, the required consultation with the City of Chicago and Bond Trustee

3

to the determine the highest and best bid. Additionally, Hilco, a third party whose compensation is determined by obtaining the greatest value, has been retained to market the Property.

13. To assuage the UST, and to ensure the sale process is run without interference, the Debtor proposes to employ Amherst as sale advisor, as a fiduciary to the estate and its creditors, with the responsibilities as set forth below. The Debtor has discussed this Application with the UST and the UST has no objection to the relief requested herein.

## Relief Requested

14. By this Application, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to employ and retain Amherst as the sale advisor for sale the subject Property (the "Sale Advisor") in this case pursuant to section 327(a) of the Bankruptcy Code.

15. The Debtor seeks to retain Amherst as its Sale Advisor because (a) Amherst has significant experience, spanning over 30+ years, assisting with § 363 bankruptcy sales; (b) Amherst will serve as an independent, third party in a cost-effective, efficient, and productive manner; (c) Amherst has extensive knowledge in the marketing, sale, and negotiation of distressed assets throughout the country, including the Chicago area; and (d) Amherst has served in a variety of fiduciary roles before Bankruptcy Courts across the country and will ensure the integrity and fairness of the sale process. Accordingly, the Debtor believes that Amherst is well-qualified to be the Sale Advisor for the Property.

## Basis for Relief

16. The Debtor seeks court approval pursuant to sections 327(a), 328, and 330 of the Bankruptcy Code to retain and employ Amherst as Sale Advisor in connection with the Chapter 11 case. Section 327(a) of the Bankruptcy Code provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other

4

professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

17. Section 328(a) of the Bankruptcy Code provides:

The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

18. The Debtor asserts that the employment of the Sale Advisor as an estate professional is more appropriate than a request for approval of such engagement pursuant to section 363(b) of the Bankruptcy Code. *See, e.g., In re McDermott Int'l Inc.*, 614 B.R. 244 (Bankr. S.D. Tex. 2020); *In re Nine West Holdings, Inc.*, 588 B.R. 678 (Bankr. S.D.N.Y. 2018).

19. A Sale Advisor and similar "estate neutrals," including sale monitors and sale representatives, have been approved as estate professionals in various cases to oversee a sale process, especially in situations like in the case at hand involving a potential benefit to an insider. *See, e.g., In re Metal Partners Rebar, LLC*, No. 20-12872-abl, at Doc. 153 (Bankr. D. Nev.) (seeking appointment of sale monitor); *In re Freedom Commc'ns*, No. 8:15-bk-153111-MW, at Doc. 196 (Bankr. C.D. Cal.) (appointment of independent sale representative); *In re Philadelphia Newspapers, LLC*, No. 09-112047 (SR), at Doc. 1213 (Bankr. E.D. Pa.) (appointment of sale monitor).

## Scope of Employment

20. The Debtor has requested that Amherst serve as Sale Advisor at the outset of the sale process to perform a focused function on behalf of the bankruptcy estate, specifically, act as

5

Sale Advisor. The UST has no objection to the scope of employment. Pursuant to the engagement letter, subject to modification as necessary, the Sale Advisor will serve as a fiduciary to the estate and its creditors, and its services (the "Services") shall include, without limitation:

(a) Regularly reporting to the Debtor, the Bond Trustee, City of Chicago, and the U.S. Trustee as to the status of the sale process;

(b) Due diligence investigations;

(c) Participation in Debtor's evaluation and determination of "Qualified Bidders";

(d) Review of Debtor's evaluation and comparison of bidders, bids, and bid terms;

(e) Participation in Debtor's consultation with the City of Chicago, Bond Trustee, Amherst Real Estate and all parties in interest, including prospective purchasers of the Company's assets (collectively, "Parties");

(f) Monitoring of Debtor's determination of the highest and best bid during the sale process and auction;

(g) Review of Debtor's determination and declaration of the Successful Bidder;

(h) All other aspects of the sale and interaction with bidders and prospective bidders;

(i) Review of the efforts of the Debtor's counsel and other outside advisors, including Amherst Real Estate, for the benefit of the Debtor;

(j) Prepare and file on the docket a report for the Bankruptcy Court detailing all aspects of the sale process (the "Report");

(k) Appear before the Bankruptcy Court, as necessary, to inform the Court of the status of the sale process and provide analysis of the Report; and

(l) Perform such other tasks, as required to ensure the appropriate administration of the sale process.

The Services shall be modified, as required by the Sale Advisor, to ensure the Sale Advisor has the ability and authority to carry out its duties and provide the Court and interested parties a fully detailed Report of the sale process.

**Compensation**

21. Section 327(a) of the Bankruptcy Code authorizes the employment of professionals to represent the debtor in possession in carrying out the debtor in possession's duties. *See* 11 U.S.C. § 327(a). Section 328(a) of the Bankruptcy Code authorizes the compensation of a professional employed under § 327(a) "on any reasonable terms and conditions of employment," including on an hourly basis. 11 U.S.C. §328(a). The Debtor will require Amherst to render the Services, as detailed above, the cost of which cannot be estimated. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and other procedures that may be fixed by this Court, the Debtor requests that Amherst be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that Amherst incurs.

22. Amherst has advised the Debtor that the hourly rates applicable to the professionals proposed to assist in the Services as Sale Advisor are as follows:

(a) Scott Eisenberg     $425.00 per hour
(b) Bruce Goldstein     $400.00 per hour

Mr. Eisenberg will serve as the primary professional providing the Services to the bankruptcy estate and Mr. Goldstein will assist when required. Amherst will not charge for any duplicate Services and will utilize both professionals only when necessary to carry out the Services in a cost-effective and efficient manner.

23. Amherst is aware and understands that payment of any outstanding fees and reimbursement of costs shall occur only after the closing of the sale of the Property and the Bankruptcy Court's approval of Amherst's fee application for such Services.

260312352.v2

**Amherst Does Not Hold
Or Represent Any Adverse Interest**

24. The Declaration of Scott Eisenberg, a partner at Amherst, is attached hereto as **Exhibit A**.

25. To the best of the Debtor's knowledge and based upon and except as set forth in Eisenberg Declaration:

    (a) Amherst does not hold or represent any interest adverse to the Debtor's chapter 11 estate.

    (b) Amherst is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code.

    (c) Amherst is not a creditor, an equity security holder, or an insider of the Debtor.

    (d) Amherst is not and was not, within 2 years before the Petition Date, a director, officer, or employee of the Debtor.

    (e) Amherst does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

To the best of the Debtor's knowledge, Amherst does not have any connections with the Debtor, its creditors, any other parties in interest, its attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except as set forth in Eisenberg Declaration.

**Notice**

26. Notice of this Application has been given to (a) the Office of the United States Trustee of this District; (b) counsel to Bond Trustee; (c) the receiver(s) in possession of the property; (d) the City of Chicago; (e) the twenty (20) largest unsecured creditors of the Debtor; and (f) all parties who have filed appearances or requested notices through the Court's CM/ECF

system.

WHEREFORE, the Debtor respectfully requests that this Court enter the attached order (i) authorizing the Debtor to retain and employ Amherst Consulting, LLC as the estate's Sale Advisor with respect to the sale of the Property; and (ii) granting such other relief as this Court may deem just and proper.

Dated: July 28, 2020

Respectfully submitted,

**BHF CHICAGO HOUSING GROUP B, LLC (ICARUS)**

By: /s/ *Kevin H. Morse*
   One of Its Attorneys

Scott N. Schreiber (#06191042)
Kevin H. Morse (#06297244)
Samuel J. Tallman (#06322843)
CLARK HILL PLC
130 East Randolph Street | Suite 3900
Chicago, Illinois 60601
T: (312) 985-5595
F: (312) 985-5984
sschreiber@clarkhill.com
kmorse@clarkhill.com
stallman@clarkhill.com