

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| BHF CHICAGO HOUSING GROUP B LLC ) | Case No. 20-12453 |
| (ICARUS) ) | |
| ) | Hon. Jack B. Schmetterer |
| Debtor. ) | |
| ) | |

## STIPULATION AND AGREED ORDER TO PROVIDE
## RECEIVERS ADEQUATE PROTECTION OF RECEIVERS' CERTIFICATES

BHF Chicago Housing Group B LLC (Icarus), debtor and debtor-in-possession (the "Debtor"), UMB Bank, N.A., not individually but solely in its capacity as the duly-appointed and acting successor trustee under the indenture for the Multifamily Housing Revenue Bonds: Better Housing Foundation Icarus Portfolio Project (Series 2017A, Subordinate Series 2017B (the "Trustee"), Chicago Neighborhood Resources, LLC ("CNRLLC"), CR Realty Advisors, LLC ("CR"), FMV RL II LLC ("FMV")[1], and Community Initiatives, Inc. ("CII"), by and through their respective counsel, hereby agree and stipulate (the "Stipulation") as follows:

### Recitals

A. On June 15, 2020 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petitions under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), designated as Case No. 20-12453 (the "Bankruptcy Case").

B. On June 23, 2020, the Bankruptcy Court entered an *Order Excusing Court-Appointed Receiver's Compliance with 11 U.S.C. §§ 543(a)-(c)* [Docket No. 27] (the "Receiver

---

[1] CNRLLC, CR, and FMV shall collectively be referred to as "CNR". CNR and CII shall collectively be referred to as the "Receivers"

260603543.v3

Order"). The Receiver Order provided, *inter alia*, that the "Receivers shall continue in possession, custody, and control of the respective Property to and until the closing of the Sale." The property that CNR remains in possession, custody, and control is set forth on **Exhibit A** to this Stipulation (the "CNR Property"). The property that CII remains in possession, custody, and control is set forth on **Exhibit B** to this Stipulation (the "CII Property").[2]

C.   The Receiver Order further provided that the Circuit Court of Cook County (the "Housing Court") retained jurisdiction to approve all receiver certificates pursuant to 65 ILCS 5/11-31-2 and all applicable state laws (each, a "Certificate"). Upon the Housing Court's issuance of a Certificate, such Certificate shall constitute a "first a lien upon the real estate and the rents and issues thereof, and shall be superior to all prior assignments of rents and all prior existing liens and encumbrances, except taxes" as set forth in 65 ILCS 5/11-31-2.

D.   Prior to and following the Petition Date, the Housing Court issued (and will continue to issue) Certificates in favor of CNR, and such Certificates shall constitute first liens against the respective CNR Property for which the Certificate was issued.

E.   Prior to and following the Petition Date, the Housing Court issued (and will continue to issue) Certificates in favor of CII, and such Certificates shall constitute first liens against the respective CII Property for which the Certificate of issued.

F.   On July 14, 2020, the Bankruptcy Court entered an *Order (A) Approving Bid Procedures and Bid Protections, (B) Approving Notice of the Sale, (C) Scheduling a Sale Hearing and, if Necessary, an Auction, and (D) Granting Related Relief* [Docket No. 54] (the "Bid Procedures Order") that approved, *inter alia*, the bid procedures for the sale of the Property (the "Bid Procedures"). The Bid Procedures contemplated the sale of the Property in

---

[2] The CNR Property and CII Property, along with any other personal or real property of the Debtor, shall collectively be referred to as the Property.

whole or in separate sale pools. *See, e.g.,* Docket No. 54, at p. 14, ¶ d ("[T]he Debtor will conduct an auction for further bidding for the Property . . . to determine the highest and best offer with respect to the Property or any portion thereof.").

G. On July 15, 2020, the Bankruptcy Court entered an *Order Authorizing the Retention and Employment of Hilco Real Estate, LLC as Real Estate Broker* to, *inter alia,* market, solicit bids, and negotiate the sale of the Property [Docket No. 51] (the "Hilco Order"). The Hilco Order expressly approved the application to retain Hilco Real Estate, LLC ("Hilco"), which, based on Hilco's knowledge of the real estate market and the Property, separated the Property into six (6) separate sales pools, labelled sales pools "A" though "F." The CNR Property and CII Property allocation into the sales pools is shown, respectively, on Exhibits A-B attached hereto.

H. The deadline for interested purchasers to submit bids for the Property, whether in whole or for any combination of sales pools, is September 30, 2020.

I. The Receivers have expressed concern that, while remote, a potential sale of the Property in any combination of the sales pools could expose the Receivers to be under secured with respect to the respective pooled properties securing the Certificates. The Receivers have informed the Debtor, Trustee, and the City of Chicago that they would withdraw as receivers before the state court in the event the Receivers were not fully secured in the event of a sale in pools.

J. The Debtor's bankruptcy estate and sale process would be greatly prejudiced should the Receivers withdraw, and the Debtor be required to retain possession, custody, and control of the Property.

WHEREFORE, the Debtor, Trustee, and Receivers stipulate as follows:

260603543.v3

## Stipulation

1. The recitals in paragraphs "A" through "J" above are incorporated here as though set forth in full.

2. Each Certificate of CNR, issued or recorded against a CNR Property, whether now or in the future, shall be cross collateralized to secure all amounts owed to CNR with respect to any CNR Property, now or in the future, to ensure the full payment of all amounts owed to CNR related to the CNR Property for which a Certificate has been, or will be issued ("CNR Cross Collateralized Certificates").

3. Each CNR Cross Collateralized Certificate shall constitute a "first a lien upon the real estate and the rents and issues thereof, and shall be superior to all prior assignments of rents and all prior existing liens and encumbrances, except taxes" as set forth in 65 ILCS 5/11-31-2.

4. Each Certificate of CII, issued or recorded against a CII Property, whether now or in the future, shall be cross collateralized to secure all amounts owed to CII with respect to any CII Property, now or in the future, to ensure the full payment of all amounts owed to CII related to the CII Property for which a Certificate has been, or will be issued ("CII Cross Collateralized Certificates").

5. Each CII Cross Collateralized Certificate shall constitute a "first a lien upon the real estate and the rents and issues thereof, and shall be superior to all prior assignments of rents and all prior existing liens and encumbrances, except taxes" as set forth in 65 ILCS 5/11-31-2.

6. All proceeds of the sale of the Property, whether in whole or in sales pools, shall be deposited in the debtor-in-possession bank account. *See* Docket No. 54, at p. 4, ¶ 9. All "liens, claims, encumbrances, and interests on the Property, including, without limitation, the asserted liens, claims, and encumbrances of the Receiver[s] . . . shall attach to the proceeds from

the Sale with the same force, effect, validity, and priority as such liens, claims, encumbrances, and interests had on such Property immediately prior to the closing of the Sale, pursuant to applicable law and/or any order entered by the Court." Docket No. 54, at p. 3, ¶ 6.

7. All Certificates issued in favor of the Receivers after closing of the sale of the Property, whether in whole or in sale pools, pursuant to 65 ILCS 5/11-31-2, shall attach to and constitute liens against the proceeds of the sale deposited in the debtor-in-possession bank account of the same priority as such liens would have had against the Property if issued prior to closing of the sale. *See* Docket No. 54, at p. 4, ¶ 8.

Dated: September 15, 2020

Respectfully submitted,

BHF CHICAGO HOUSING GROUP B LLC

UMB BANK, N.A., not individually, but solely in its capacity as Successor Trustee under the Indenture

*Andrew Belew*

Andrew Belew, President of Better Housing Foundation, Inc., an Ohio not-for-profit corporation, as sole manager and member of BHF Chicago Housing Group B

By: _____

Its: _____

CHICAGO NEIGHBORHOOD
RESOURCES, LLC

CR REALTY ADVISORS, LLC

By: __P. Curtis Bettiker__

By: __P. Curtis Bettiker__

Its: __Manager__

Its: __Chief Operating Officer__

5

260603543.v3

the Sale with the same force, effect, validity, and priority as such liens, claims, encumbrances, and interests had on such Property immediately prior to the closing of the Sale, pursuant to applicable law and/or any order entered by the Court." Docket No. 54, at p. 3, ¶ 6.

7. All Certificates issued in favor of the Receivers after closing of the sale of the Property, whether in whole or in sale pools, pursuant to 65 ILCS 5/11-31-2, shall attach to and constitute liens against the proceeds of the sale deposited in the debtor-in-possession bank account of the same priority as such liens would have had against the Property if issued prior to closing of the sale. See Docket No. 54, at p. 4, ¶ 8.

Dated: September ___, 2020

BHF CHICAGO HOUSING GROUP B LLC

_____
Andrew Belew, President of Better Housing Foundation, Inc., an Ohio not-for-profit corporation, as sole manager and member of BHF Chicago Housing Group B

CHICAGO NEIGHBORHOOD
RESOURCES, LLC

_____
By: _____

Its: _____

Respectfully submitted,

UMB BANK, N.A., not individually, but solely in its capacity as Successor Trustee under the Indenture

By:  _____Michael G. Slade_____

Its: _____Senior Vice President_____

CR REALTY ADVISORS, LLC

_____
By: _____

Its: _____

260603543.v3

| FMV RL II LLC | COMMUNITY INITIATIVES, INC. |
|---|---|
| By: *David A. Kite* | By: _____ |
| Its: *Managing Member* | Its: _____ |

| FMV RL II LLC | COMMUNITY INITIATIVES, INC. |
|---|---|
| By: _____ | By: _____Jonah Hess_____ |
| Its: _____ | Its: _____Senior Vice President_____ |

Dated: 9/22/20

Enter: _____
Honorable Jack B. Schmetterer
United States Bankruptcy Judge

260603543.v3

| ADDRESS | RECEIVER | POOL |
|---|---|---|
| 4326-28 S Michigan Ave., Chicago, IL 60653 | CNR Advisors LLC | A |
| 5116-18 S Indiana Ave., Chicago, IL 60615 | CNR Advisors LLC | A |
| 5154-56 S Indiana Ave., Chicago, IL 60615 | CNR Advisors LLC | A |
| 5226-28 S Michigan Ave., Chicago, IL 60615 | CNR Advisors LLC | A |
| 226-28 E 55th Place, Chicago, IL 60637 | CNR Advisors LLC | B |
| 5600-02 S Michigan Ave., Chicago, IL 60637 | CNR Advisors LLC | B |
| 5700 S Calumet Ave., Chicago, IL 60637 | CNR Advisors LLC | B |
| 5701 S Calumet Ave., Chicago, IL 60637 | CNR Advisors LLC | B |
| 5832-36 S Michigan Ave., Chicago, IL 60637 | CNR Advisors LLC | B |
| 5910-12 S King Dr., Chicago, IL 60637 | CNR Advisors LLC | B |
| 6123-25 S Prairie Ave., Chicago, IL 60637 | CNR Advisors LLC | B |
| 6207-09 S King Dr., Chicago, IL 60637 | CNR Advisors LLC | B |
| 5606-08 S Michigan Ave., Chicago, IL 60637 | CNR Advisors LLC | B |
| 6427-29 S Drexel Ave., Chicago, IL 60637 | CNR Advisors LLC | C |
| 6540-42 S Ellis Ave., Chicago, IL 60637 | CNR Advisors LLC | C |
| 6603 S Rhodes Ave., Chicago, IL 60637 | CNR Advisors LLC | C |
| 6605-07 S Kimbark Ave., Chicago, IL 60637 | CNR Advisors LLC | C |
| 6611-13 S Ellis Ave., Chicago, IL 60637 | CNR Advisors LLC | C |
| 6656-58 S Woodlawn Ave., Chicago, IL 60637 | CR Realty Advisors n/k/a CNR Advisors | C |
| 1431-33 E 66th Place, Chicago, IL 60637 | CNR Advisors LLC | C |
| 1421 E 67th Place, Chicago, IL 60637 | CNR Advisors LLC | C |
| 139-141 W Marquette Rd., Chicago, IL 60621 | CNR Advisors LLC | D |
| 7655-57 S Lowe Ave., Chicago, IL 60620 | CNR Advisors LLC | D |
| 721-29 W 71st St., Chicago, IL 60621 | CNR Advisors LLC | D |
| 7511-19 Yale Ave., Chicago, IL 60620 | CR Realty Advisors n/k/a CNR Advisors | D |
| 435-41 E 71st St., Chicago, IL 60637 | CNR Advisors LLC | E |
| 6857-59 S King Dr., Chicago, IL 60619 | CNR Advisors LLC | E |
| 6901-07 S Prairie Ave., Chicago, IL 60615 | CNR Advisors LLC | E |
| 8143-45 S Ellis Ave., Chicago, IL 60619 | CNR Advisors LLC | E |
| 8249-51 S Drexel Ave., Chicago, IL 60619 | CNR Advisors LLC | E |
| 1524 E 73rd St., Chicago, IL 60619 | CNR Advisors LLC | F |
| 2666-68 E 78th St., Chicago, IL 60649 | CNR Advisors LLC | F |
| 6820-22 S Cornell Ave., Chicago, IL 60649 | CNR Advisors LLC | F |
| 6948-52 S Oglesby Ave., Chicago, IL 60649 | CNR Advisors LLC | F |
| 7018 S Clyde Ave., Chicago, IL 60649 | CNR Advisors LLC | F |
| 8030 S Yates Blvd., Chicago, IL 60617 | CNR Advisors LLC | F |

ClarkHill\98306\397691\260426213.v1-8/24/20

| ADDRESS | RECEIVER | POOL |
|---|---|---|
| 5119-25 S Prairie Ave., Chicago, IL 60615 | Community Initiatives, Inc | A |
| 5720-22 S Michigan Ave., Chicago, IL 60637 | Community Initiatives, Inc | B |
| 7556-58 S Eggleston Ave., Chicago, IL 6062 | Community Initiatives, Inc | D |
| 7600-20 S Stewart Ave., Chicago, IL 60620 & 7632-34 S Stewart Ave., Chicago, IL 60620 | Community Initiatives, Inc | D |
| 7640-56 S Stewart Ave., Chicago, IL 60620 | Community Initiatives, Inc | D |
| 301-05 E 75th St., Chicago, IL 60619 | Community Initiatives, Inc | E |
| 614-22 E 71st St., Chicago, IL 60619 | Community Initiatives, Inc | E |
| 8229 S Langley Ave., Chicago, IL 60619 | Community Initiatives, Inc | E |